UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUBWAY IP INC. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:17-cv-197 |
| | ) | |
| v. | ) | |
| | ) | |
| MOBIQUEST MOBILE | ) | |
| TECHNOLOGIES PVT LTD | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

Plaintiff Subway IP Inc. ("SIP" or "Plaintiff") for its Complaint against Defendant

MobiQuest Mobile Technologies Pvt Ltd, ("MobiQuest" or "Defendant"), alleges as follows:

### **Introduction**

1.      This is an action for trademark infringement, unfair competition, and dilution in

violation of the Federal Lanham Act, 15 U.S.C. § 1051 *et seq*.; common law trademark; and state

unfair competition in violation of the Connecticut Unfair Trade Practices Act against Defendant

for its commercial use and exploitation of Plaintiff's family of trademarks, services marks, and

trade dress (individually and collectively "Plaintiff's Mark") on or in connection with the offer

and provision of goods and/or services.

2.       Plaintiff hereby seeks (1) injunctive relief against Defendant's continued

unauthorized and improper commercial use and exploitation of any trademark confusingly

similar to any of Plaintiff's Mark; and (2) all damages arising from Defendant's past and present

infringement, including all statutory damages, and Plaintiff's attorneys' fees and costs for having

to bring this suit to enforce its trademark rights.

## Parties

3.      Plaintiff SIP is a Delaware Corporation having a place of business at 325 Sub Way, Milford, Connecticut 06461.

4.      Upon information and belief, MobiQuest Mobile Technologies Private Limited is a corporation having a place of business at B-27, Sector 63, Noida, 201301, India.

## Jurisdiction and Venue

5.      This Court has jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) over the federal trademark infringement, trade dress infringement, unfair competition, and dilution claims, which arise under the Federal Lanham Act, 15 U.S.C. § 1051 *et seq.*

6.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1338(a) and 1367 over the common law trademark infringement claim, common law trade dress infringement claim, and state unfair competition claim.

7.      Upon information and belief, this Court has jurisdiction over Defendant because it does business in Connecticut.

8.      Upon information and belief, this Court has jurisdiction over Defendant by virtue of its systematic and continuous contacts with Connecticut, or because the Defendant has transacted and done business in Connecticut, or because the Defendant has solicited consumers in this District, or because the Defendant offered to sell or has sold mobile services in the District.

## Facts

**A.      Plaintiff's Mark and SUBWAY Restaurants.**

9.      Plaintiff is the owner of the proprietary system establishing and operating restaurants featuring sandwiches and salads under the trademark SUBWAY®. Plaintiff

developed this system spending considerable time, money, and effort. The system includes the trademark SUBWAY, other trademarks, slogans, and other related insignia. This system also includes goodwill associated with the marks, copyright, trade dress, recipes, formulas, food preparation procedures, business methods, forms, policies, and all other techniques.

10. Plaintiff licenses others to operate SUBWAY restaurants under the SUBWAY system.

11. In the United States, there are approximately 29,000 licensed SUBWAY restaurants ("SUBWAY restaurants").

12. Plaintiff has continuously used SUBWAY as a trade name for its SUBWAY restaurants since at least as early as August 21, 1967.

13. Plaintiff is the owner of the following U.S. Trademark Registrations for various SUBWAY marks: 1,174,608; 1,307,341; 1,387,847; 1,514,071; 1,524,986; 1,630,440; 1,627,774; 1,737,353; 1,514,072, 1,883,799; 1,896,378; 1,909,034; 1,925,713; 2,057,615; 2,134,253; 2,162,105; 2,504,512; 2,591,069; 2,567,334; 2,732,170; 3,296,655; 3,445,885; 3,503,520; 3,503,521; 3,355,021; 3,310,928; 3,293,264; 3,693,027; 3,444,168; 3,536,637; 3,696,969; 3,643,521; 3,695,144; 3,679,096; 3,679,100; 3,746,362; 3,774,480; 3,869,196; 3,013,320; 4,280,329; and 4,622,844. These registrations are valid and subsisting.  Printouts for each of these registrations from the USPTO website establishing status and title are set out in Exhibit A. The SUBWAY mark and SUBWAY logo trademark are famous trademarks.

14. SUBWAY restaurants have been and continue to offer to sell and sell sandwiches under Plaintiff's Mark under authorization and license of Plaintiff.

15. SUBWAY restaurants have been and continue to offer and provide catering services under Plaintiff's Mark under authorization and license of Plaintiff.

**B.      Defendant's Mobile Loyalty Platform and Unauthorized Trademark Use.**

16.     Upon information and belief, Defendant provides services related to marketing on mobile device platforms and related applications.

17.     Upon information and belief, Defendant operates a website at http://mloyalweb.com ("Defendant's website"), accessible to residents of Connecticut.

18.     Upon information and belief, Defendant is the developer of mobile phone software applications for use on the Android phone platform and that are available for download through the Google Play store, including the following applications: Sub Fresh Rewards mLoyal App (https://play.google.com/store/apps/details?id=com.mobiquest.subwayfresco&hl=en), SUBLovers mLoyal App (https://play.google.com/store/apps/details?id=com.mobiquest.subwaybahati&hl=en); My Star Club mLoyal App (https://play.google.com/store/apps/details?id=com.mobiquest.subwayinorbit&hl=en (individually and collectively "Defendant's App").

**C.      Defendant Infringes Plaintiff's Mark.**

19.     Upon information and belief, the Defendant's website prominently displays Plaintiff's Mark and represents that Plaintiff is a client of Defendant.

20.     Upon information and belief, the Defendant's App prominently displays Plaintiff's Mark.

21.     Plaintiff is not a client of Defendant.

22.     Plaintiff never authorized Defendant to display Plaintiff's Mark on its website or elsewhere.

23.     Plaintiff has never approved or authorized Defendant to use Plaintiff's Mark or

any mark confusingly similar to Plaintiff's Mark.

24.     Plaintiff has never sponsored or endorsed any good or service offered by Defendant.

25.     Upon information and belief, the Defendant is using Plaintiff's Mark to provide the appearance of a partnership or association with Plaintiff when no such association exists.

26.     Defendant's unauthorized use of Plaintiff's Mark is likely to cause confusion and mistake.

27.     Defendant's unauthorized use of Plaintiff's Mark is causing irreparable harm to Plaintiff.

28.     Defendant's activities are harming Plaintiff and its associated brands and intellectual property which the Plaintiff has spent substantial time and investment to develop.

29.     On at least three separate occasions, Plaintiff sent written notices to Defendant demanding that Defendant cease and desist infringing Plaintiff's Mark and falsely associating itself with Plaintiff.

30.     Upon information and belief, Defendant did not cease and desist from all further infringements of Plaintiff's Mark and Defendant continues to willfully infringe Plaintiff's Mark.

## COUNT I
### Trademark Infringement Under
### Section 32 of the Lanham Act, 15 U.S.C. § 1114

31.     Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

32.     Plaintiff's Mark and the goodwill of the businesses associated therewith in the United States and throughout the world are of great and significant value, and are highly distinctive of the Plaintiff's goods and services.

33.     Defendant's actions described above have caused and are likely to cause confusion and mistake and to deceive potential customers and the general purchasing public as to the source, origin, or sponsorship of Defendant's goods and services, and are likely to deceive the public into believing that the goods and services offered and sold by Defendant originate from, are associated with, or are otherwise authorized by Plaintiff, all to the damage and detriment, of Plaintiff's reputation, goodwill, and sales.

34.     Defendant's actions constitute trademark infringement of Plaintiff's federally-registered trademarks, the full extent of which is presently unknown but is substantial. This has caused damage to Plaintiff and the substantial business and goodwill symbolized by Plaintiff's Mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

35.     Defendant's actions described above, including the unauthorized use of marks substantially similar to Plaintiff's marks in interstate commerce, have caused, and unless restrained will continue to cause, great and irreparable injury to Plaintiff, to Plaintiff's Mark, and to the business and goodwill represented thereby, leaving Plaintiff with no adequate remedy at law.

## COUNT II
## Federal Trademark Infringement and Unfair Competition

36.     Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

37.     This claim is against Defendant for trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38.     Upon information and belief, Defendant has used, is using, and intends to continue using now and in the future in commerce Plaintiff's Mark for the offer and provision of goods and services in such a way that has and will continue to cause confusion, mistake, or

deception.

39.     Upon information and belief, Defendant's use of Plaintiff's Mark for the offer and provision of goods and services has likely caused and will continue to cause confusion of the relevant public and trade.

40.     Plaintiff has been and will continue to be damaged by the confusion, mistake, and deception caused by Defendant's use of Plaintiff's Mark.

41.     Any defect, objection to or fault found with Defendant's goods and/or services sold or provided under Plaintiff's Mark would necessarily reflect on and seriously injure the reputation Plaintiff has established for its marks and business

42.     Plaintiff does not and has never consented to or authorized Defendant's adoption or commercial use of Plaintiff's Mark for the aforementioned goods and/or services.  Defendant therefore has infringed and is infringing Plaintiff's Mark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

43.     Upon information and belief, at all times relevant to this action, including when Defendant first adopted Plaintiff's Mark and commenced commercial use of Plaintiff's Mark on the aforementioned goods and/or services, Defendant knew of the prior adoption and widespread commercial use of Plaintiff's Mark, and Defendant knew of the valuable goodwill and reputation acquired by Plaintiff in connection with Plaintiff's Mark.  Defendant's infringement of the Plaintiff's Mark is therefore willful.

44.     Upon information and belief, Defendant's use of Plaintiff's Mark has caused confusion and mistake and the deception of purchasers as to the source of origin of Defendant's infringing goods and/or services.  Because of the confusion as to the source caused by Defendant's unauthorized use of Plaintiff's Mark, Plaintiff's valuable goodwill developed at

great expense and effort by Plaintiff is being irreparably harmed and is at risk of further damage.

    45.    Defendant's infringement will continue unless enjoined by the Court.

**COUNT III**
**<ins>Federal Trademark Dilution</ins>**

    46.    Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

    47.    As a result of the duration and extent of use of the Plaintiff's Mark by SIP, the duration and extent of the advertising and publicity of the Plaintiff's Mark, the geographical extent of the same, the superior quality of Plaintiff's goods and services, and the degree of recognition of Plaintiff's Mark, Plaintiff's Mark have achieved an extensive degree of distinctiveness and are famous trademarks.

    48.    As a result of Defendant's use of Plaintiff's mark, Defendant is diluting the distinctive quality of Plaintiff's Mark.

    49.    Plaintiff will suffer irreparable harm should Defendant's infringing acts be allowed to continue to the great detriment of Plaintiff's reputation and goodwill.

**COUNT IV**
**<ins>Common Law Trademark Infringement</ins>**

    50.    Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

    51.    This claim is against Defendant for common law trademark infringement.

    52.    In addition to the federal registrations owned by Plaintiff, as set forth above, Plaintiff's Mark enjoys common law rights in Connecticut and throughout the United States. These rights are senior and superior to any rights which Defendant's may claim.

    53.    Defendant's use of the Plaintiff's Mark is intentionally designed to mimic

Plaintiff's Mark so as to cause confusion regarding the source of Defendant's goods and services in that purchasers thereof will be likely to associate or have associated such products with, as with originating with, or as approved by Plaintiff, all to the detriment of Plaintiff.

54. Defendant's infringement will continue unless enjoined by the Court.

**COUNT V**
**Unfair Competition under Connecticut Law**

55. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

56. Defendant's acts as described above constitute unfair competition under the Connecticut Unfair Trade Practices Act.

**PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

A. An order immediately and permanently enjoining Defendant, its officers, members, agents, servants, employees, attorneys, and all persons in active concert or participating with any of them, from:

    i. advertising, marketing, promoting, selling or otherwise offering for sale any good of service that is confusingly similar to Plaintiff's because it uses Plaintiff's Mark, any derivation or colorable imitation thereof, or any mark confusingly similar thereto;

    ii. making or employing any other commercial use of Plaintiff's mark, any derivation or colorable imitation thereof, or any mark confusingly similar thereto;

    iii. using any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or

mistake in the mind of the trade or public or to deceive the trade or public into

believing that Defendant's services or activities are in any way sponsored,

licensed or authorized by or affiliated or connected with Plaintiff;

iv.   doing any other acts or things calculated or likely to cause confusion or

mistake in the mind of the public or to lead purchasers or consumers or

investors into the belief that the products or services promoted, offered, or

sponsored by Defendant come from Plaintiff, or are somehow licensed,

sponsored, endorsed, or authorized by, or otherwise affiliated or connected

with Plaintiff;

v.   otherwise competing unfairly with Plaintiff in any manner; and

vi.   assisting, aiding, or abetting any other person or business entity in engaging in

or performing any of the activities referred to in the above subparagraphs (i)

through (v), or effecting any assignments or transfers, forming new entities or

associations, or utilizing any other device for the purpose of circumventing or

otherwise avoiding the prohibitions set forth in subparagraphs (i) through (v);

B.   Direct Defendant to account to Plaintiff for Defendant's profits and order that the

Plaintiff's recover its damages arising out of the acts of deception and

infringement described above, and a sum equal to three times such profits or

damages (whichever is greater), pursuant to 15 U.S.C. § 1117(a) and (b);

C.   Award Plaintiff statutory damages of $8,000,000 representing $2,000,000 per

counterfeit mark per type of goods or services sold, offered for sale, or

distributed, pursuant to 15 U.S.C. § 1117(c);

D.   Award Plaintiff punitive damages on account of Defendant's gross, wanton,

willful, and malicious conduct;

E.     Award Plaintiff costs, attorney's fees, and collection costs pursuant to the agreement executed by the Defendant.

F.     Direct Defendant to deliver up for destruction any and all guarantees, circulars, price lists, labels, brochures, business cards, signs, prints, packages, wrappers, pouches, advertising matter, promotional, and other materials in the possession or control of Defendant bearing Plaintiff's Mark, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiff's Mark, in accordance with 15 U.S.C. § 1118;

G.     Direct Defendant to supply Plaintiff with a complete list of entities from whom they have conducted business with under the Plaintiff's mark, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiff's Mark;

H.     Direct Defendant to file with the Court and serve on counsel for Plaintiff within thirty (30) days after entry of any injunction issued by the Court in this action, a sworn written statement pursuant to 15 U.S.C. § 1116(a) setting forth in detail the manner and form in which Defendant has complied with any injunction which the Court may enter in this action;

I.     Award Plaintiff its reasonable attorney's fees along with the costs and disbursements incurred herein as a result of Defendant's intentional and willful infringement, pursuant to 15 U.S.C. § 1117 and the CUTPA;

J.     Order that any of Defendant's assets that are held by or within the control of entities that are subject to the jurisdiction of this Court, be restrained and frozen

pending the outcome of this action so that Plaintiff's right to the damages set forth in this Complaint is not later rendered meaningless.

K.      In accordance with 15 U.S.C. § 1116(a) and this Court's inherent equitable power, directing that any parting hosting the Defendant's website or the Defendant's Apps, including Google Play, shall, within three days after receipt of notice of, disable the website or application or otherwise make it inactive and provide certified written confirmation of the same.

L.      Award Plaintiff such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Respectfully Submitted,

Date: February 10, 2017

*/s/ Walter B. Welsh*
Walter B. Welsh, ct27210
Whitmyer IP Group LLC
600 Summer Street
Stamford, CT 06901
Tel:  203-703-0800
Fax:  203-703-0801
Email: litigation@whipgroup.com
        wwelsh@whipgroup.com

ATTORNEY FOR PLAINTIFF